IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-11374
Conference Calendar
_____

HENNESSEY HUNT,

Plaintiff-Appellant,

versus

DR. ANDERSON, Doctor at the Beto I Unit,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:97-CV-379
- - - - - - - - - - -
June 16, 1998
Before DAVIS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Hennessey Hunt, Texas prisoner # 619672, appeals the district court's dismissal as frivolous of his pro se, in forma pauperis civil rights lawsuit, 42 U.S.C. § 1983, as barred by the statute of limitations. We review the district court's dismissal for an abuse of discretion. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

The district court dismissed Hunt's complaint as time barred after determining, based on the allegations in Hunt's complaint,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Hunt's surgeries were performed in 1992 and Hunt became aware of his injury in 1992 or 1993.  A district court may dismiss a § 1983 claim sua sponte under § 1915(e)(2)(B)(i) when the complaint demonstrates that the claims asserted are barred by the applicable statute of limitations.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).  Because there is no federal statute of limitations for § 1983 actions, the federal courts borrow the forum state's general personal injury limitations period.  Id.  Texas' general personal injury limitations period is two years.  See id.  Hunt's cause of action accrued, at the latest, in 1993 when he knew or had reason to know of the injury which formed the basis of his complaint.  See id. at 621.  Hunt filed his complaint in 1997.  The district court did not abuse its discretion in dismissing Hunt's civil rights complaint as barred by the statute of limitations.

AFFIRMED.